# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**KIMBERLY A. LOWMAN,**
**Claimant Below, Petitioner**

**vs.)   No. 20-0559** (BOR Appeal No. 2055205)
　　　　　　　　(Claim No. 2018009136)

**GABRIEL BROTHERS, INC.,**
**Employer Below, Respondent**


# MEMORANDUM DECISION

　　　　Petitioner Kimberly A. Lowman, by Counsel Robert L. Stultz, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Gabriel Brothers, Inc., by Counsel Maureen Kowalski, filed a timely response.

　　　　The issue on appeal is temporary total disability. The claims administrator closed the claim for temporary total disability benefits on May 20, 2019. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its February 21, 2020, Order. The Order was affirmed by the Board of Review on July 2, 2020.

　　　　The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

　　　　The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

　　　　　　　　(b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions . . . .

　　　　　　　　(c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in

1

the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Ms. Lowman, a pricer, injured her right upper extremity at work on October 12, 2017. The Employees' and Physicians' Report of Injury indicates Ms. Lowman was injured while unloading boxes of clothes. The injury was listed as bilateral arm, pectoral, and trap muscle strain. The claims administrator initially rejected the claim; however, the Office of Judges reversed the decision on April 18, 2018, and held the claim compensable for right distal rotator cuff tear and right upper extremity strain.

Ms. Lowman sought treatment for the compensable injury from P. Kent Thrush on June 22, 2018. Dr. Thrush stated that he previously recommended a one-time orthopedic consultation. If surgery was not recommended, Ms. Lowman would be at maximum medical improvement. Joshua Sykes, M.D., an orthopedist, evaluated Ms. Lowman on August 28, 2018, and diagnosed glenohumeral arthritis and biceps tendonitis. He opined that the majority of her pain was the result of arthritis and tendonitis and recommended an injection.

Ms. Lowman returned to Dr. Thrush on October 8, 2018. Dr. Thrush stated that Ms. Lowman saw Dr. Sykes and surgery was not recommended. Dr. Thrush agreed with the opinion and opined that Ms. Lowman had reached maximum medical improvement. On October 18, 2018, Dr. Thrush evaluated Ms. Lowman and found 3% right shoulder impairment. Dr. Sykes again diagnosed right shoulder glenohumeral arthritis and biceps tendonitis on November 27, 2018. Dr. Sykes opined that Ms. Lowman likely had preexisting osteoarthritis in the right shoulder. The biceps tendon injury, however, was likely the result of the compensable injury. Dr. Sykes stated that the main source of Ms. Lowman's pain was the biceps. He recommended an injection.

On November 29, 2018, Dr. Thrush stated that Ms. Lowman had returned to Dr. Sykes and underwent a right shoulder injection, which worsened her symptoms. Dr. Thrush reiterated that Ms. Lowman had reached maximum medical improvement. Dr. Sykes performed a right shoulder injection for the diagnoses of primary osteoarthritis and glenohumeral arthritis on February 22, 2019. Ms. Lowman returned to Dr. Thrush on April 4, 2019, and Dr. Thrush continued to find Ms. Lowman at maximum medical improvement unless Dr. Sykes recommended additional treatment. Dr. Thrush stated that Ms. Lowman was likely unable to return to her previous position due to the labor involved. She could, however, perform sedentary or light duty work.

Dr. Sykes stated in an April 22, 2019, treatment note that the injection performed on February 22, 2019, did not improve Ms. Lowman's symptoms. Dr. Sykes diagnosed right shoulder glenohumeral arthritis, biceps tendonitis, and rotator cuff tear of unspecified extent. Dr. Sykes requested an MRI for diagnostics and surgical planning. The claims administrator closed the claim for temporary total disability benefits on May 20, 2019. On May 29, 2019, Dr. Thrush opined that a new MRI would be reasonable and necessary treatment for the compensable injury. A right shoulder MRI was approved by the claims administrator on June 7, 2019.

In a June 10, 2019, treatment note, Dr. Thrush stated that if Dr. Sykes recommended surgery based on the new MRI, Ms. Lowman would require further temporary total disability benefits. However, if Dr. Sykes did not recommend surgery, Ms. Lowman would be at maximum medical improvement. A right shoulder MRI was performed on June 25, 2019. It showed mid to moderate degenerative changes but no indication of a rotator cuff tear. There was evidence of a labral tear.

The Office of Judges affirmed the claims administrator's closure of the claim for temporary total disability benefits in its February 21, 2020, Order. It noted that West Virginia Code of State Rules § 85-20-3.9 states that maximum medical improvement is when a condition has become static or stabilized and is unlikely to change in spite of additional medical or surgical treatment. The claim was first closed for temporary total disability benefits on October 10, 2018. The decision was reversed by the Office of Judges, which found that Ms. Lowman was receiving authorized treatment. That treatment, injections, worsened Ms. Lowman's symptoms. Therefore, Ms. Lowman's condition was not static, and she had not reached maximum medical improvement. The claim was again closed for temporary total disability benefits on May 20, 2019. The Office of Judges concluded that there is no evidence in the current litigation that Ms. Lowman's condition has worsened. Dr. Thrush has repeatedly found that Ms. Lowman has reached her maximum medical improvement. On June 10, 2019, Dr. Thrush stated that if Dr. Sykes did not recommend surgery, Ms. Lowman would be at maximum medical improvement. Dr. Sykes stated in his April 22, 2019, reported that a new MRI was needed for diagnostic and preoperative planning. The MRI was performed on June 25, 2019; however, no additional records from Dr. Sykes were introduced.

The Office of Judges stated that even if surgery was recommended, it would not be aimed at treating the compensable injury. The claim was held compensable for distal rotator cuff tear and right shoulder strain. The June 25, 2019, MRI showed no evidence of a rotator cuff tear. The Office of Judges therefore found that surgery is not necessary and, based on Dr. Thrush's records, Ms. Lowman has reached maximum medical improvement. The Office of Judges concluded that Ms. Lowman submitted no reliable medical evidence refuting that she has reached maximum medical improvement. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on July 2, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Pursuant to West Virginia Code § 23-4-7a, temporary total disability benefits will cease when the claimant has reached maximum medical improvement, has been released to return to work, or has returned to work, whichever occurs first. Ms. Lowman has been found to be at maximum medical improvement on several occasions by Dr. Thrush. Dr.

Thrush stated in his most recent treatment note that if Dr. Sykes did not recommend surgery, Ms. Lowman would be at maximum medical improvement. In his latest treatment note, Dr. Sykes stated that an MRI was needed for preoperative planning. However, there are no further treatment records from Dr. Sykes. Further, the only compensable condition for which Dr. Sykes was treating Ms. Lowman was right shoulder rotator cuff tear. The MRI showed no evidence of such injury. Therefore, even if Dr. Sykes recommended surgery, it would not be aimed at treating a compensable condition in the claim.

Affirmed.

**ISSUED: November 5, 2021**

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton